UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-653-RJC-DCK

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | <u>ORDER</u> |
| APPROXIMATELY $90,050 IN UNITED STATES CURRENCY, | ) | |
| Defendant. | ) | |

**THIS MATTER** comes before the Court on the United States' Motion for Summary Judgment, (Doc. No. 8), to which Claimant Derick Lamont Ervin did not respond. For the reasons stated below, the Court will grant the Motion for Summary Judgment.

I.    BACKGROUND

The United States filed a Verified Complaint for Forfeiture in Rem, (Doc. No. 1), on December 8, 2021, seeking the forfeiture of approximately $90,050 in United States currency seized from Ramon Rojas and Emory Vizcaino during a traffic stop after Claimant reported they robbed him on January 10, 2021. (Doc. No. 1 at 1). Although a trained K9 alerted to the odor of narcotics on the currency, Claimant told police he planned to buy two trucks from Rojas with money from a personal injury settlement in 2015. (<u>Id.</u> at 6-7).

1

Claimant submitted a pro se Claim on January 19, 2022, asserting the money was his from a settlement and stating that he would provide bank statements, if needed. (Doc. No. 5 at 2). On February 4, 2022, he filed a pro se Answer disputing drugs were involved and insisting the money and his trucking business were legitimate. (Doc. No. 6). The Court then issued a Pretrial Order and Case Management Plan providing for discovery through interrogatories and depositions until August 5, 2022. (Doc. No. 7). The United States reports that Claimant has never responded or objected to discovery requests delivered to him on April 25, 2022. (Doc. No. 5: Memorandum at 5-6).

On November 7, 2022, the United States filed the instant Motion for Summary Judgment on the bases that Claimant lacks standing to contest the forfeiture and cannot meet the innocent owner defense. (Doc. No. 8). Because Claimant had appeared pro se, the Court notified him, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of his heavy burden in responding to the United States' Motion. (Doc. No. 9). The November 22, 2022, deadline passed with no response from Claimant. Accordingly, this matter is ripe for disposition.

II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if

it might affect the outcome of the suit under governing law. Id. The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). "The burden on the moving party may be discharged by 'showing' . . . an absence of evidence to support the nonmoving party's case." Id. at 325.

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (internal citations omitted). The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. Anderson, 477 U.S. at 248.

3

Case 3:21-cv-00653-RJC-DCK   Document 10   Filed 12/21/22   Page 3 of 5

III. DISCUSSION

A claimant challenging a civil forfeiture must "have a colorable interest in that property, which he or she must support with some evidence beyond a mere assertion of ownership to survive summary judgment." United States v. Phillips, 883 F.3d 399, 405 (4th Cir. 2018). A claimant "has the burden to establish standing by a preponderance of the evidence." United States v. $122,640.00 in U.S. Currency, 81 F. Supp. 3d 482, 485 (D. Md. 2015); see also Phillips, 883 F.3d at 404 (noting "a claimant bears the burden of establishing standing"). A bare assertion of ownership, even under oath, is insufficient to establish standing in a civil forfeiture proceeding. See United States v. Real Prop. Located at 5201 Woodlake Drive, 895 F. Supp. 791, 794 (M.D.N.C. 1995). There must be "other indicia of true ownership." United States v. Approximately $252,140.00 in U.S. Currency, 532 F. Supp. 3d 334, 338 (W.D.N.C. 2021). "Ownership may be established by proof of "actual possession, control, title, and financial stake." Id. (citing United States v. $119,030.00 in U.S. Currency, 955 F. Supp. 2d 569, 576 (W.D. Va. 2013)).

Here, Claimant has not provided any evidence other than his bare assertions in his Claim and Answer that the currency belongs to him. He offered to provide bank statements to show the money resulted from a personal injury settlement. (Doc. No. 5: Claim at 2). However, as detailed above, he did not respond to the United States' discovery requests nor did he respond to this Court's Order directing him to present any evidence to establish there is a genuine issue for trial. Accordingly, Claimant has not carried his burden and the United States is entitled to summary

4

judgment on his lack of standing to contest the forfeiture.[1]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. the United States' Motion to for Summary Judgment, (Doc. No. 8), is **GRANTED;**

2. Derick Lamont Ervin's Claim, (Doc. No. 5), is **DISMISSED** with prejudice; and

3. the bench trial scheduled for the January 2023 term is **CANCELLED**.

**SO ORDERED.**

Signed: December 21, 2022

Robert J. Conrad, Jr.
United States District Judge

---

[1] Having found Claimant does not have standing, it is not necessary to reach the merits of the forfeiture as to him.